# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| PROFESSOR MASAHIRO IIDA,<br><br>      Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>      Defendant. | Civil Action No. 6:22-cv-00662-ADA<br><br>**JURY TRIAL DEMANDED** |

## INTEL CORPORATION'S OPPOSED MOTION TO STAY PENDING TRANSFER

I.      **Introduction**

Defendant Intel Corporation respectfully moves to stay this case pending resolution of its Motion for Intra-District Transfer to the Austin Division. Dkt. 33. Intel timely filed its transfer motion on September 23, 2022, less than three months after Plaintiff Masahiro Iida filed this suit, and that motion became ripe for decision on January 13, 2023. Significant merits proceedings are quickly approaching: the *Markman* hearing is scheduled for March 31, 2023; fact discovery will begin around the same time; and the deadlines for the parties' final infringement and invalidity contentions will follow soon after in May. Both the Federal Circuit and the Fifth Circuit have made clear that motions for transfer pursuant to 28 U.S.C. § 1404(a) must be resolved **before** a case proceeds into such substantive merits proceedings. Heeding this directive in this case necessitates granting a stay until Intel's transfer motion is decided. And because a stay will preserve judicial resources, prevent unnecessary hardship to Intel, and impose no prejudice on Plaintiff, this motion should be granted.

II.     **Factual Background**

Plaintiff filed this case on June 24, 2022, alleging that Intel's field programmable gate array ("FPGA") devices infringe U.S. Patent No. 6,812,737. Dkt. 1, Compl., ¶¶ 39, 56. Plaintiff's Complaint admits that "Intel maintains a campus" in Austin. *See id*. ¶¶ 16–17. The Complaint also acknowledges that there are *over two dozen* Intel employees in the Austin Division who "have worked, and presently work, on the design, sale, and support of the Accused Products." *See id*. ¶ 27 & n.8. Thus, Plaintiff's own pleading establishes that relevant witnesses and evidence are in Austin. Given the lack of *any* relevant witnesses or evidence in Waco, Intel moved for intra-district transfer to this Court's Austin Division on September 23, 2022. Dkt. 33, 35. That motion has been

"fully briefed and ready for resolution" since January 13, 2023. Dkt. 50, Jan. 13, 2023 Status Report.

The Court's orders in this case set the *Markman* hearing for March 31, 2023; the opening of fact discovery for around the same time; and the deadline to serve final infringement and invalidity contentions for May 18, 2023. *See* Dkts. 41, 58. Given these and other looming merits deadlines, Intel now seeks a stay pending a decision on its motion to transfer.

### III. The Court Should Stay the Proceedings Pending Resolution of Intel's Motion to Transfer.

#### A. The Court has the inherent authority to issue a stay to ensure that resolution of venue issues is afforded "top priority."

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

The Federal and Fifth Circuits agree that transfer is a threshold matter that a district court must address at the outset of the litigation. *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003); *In re Apple, Inc.*, 52 F.4th 1360, 1361 (Fed. Cir. 2022). The transfer statute is designed "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 27 (1960). This fundamental purpose of the transfer statute is "thwarted" when protracted litigation occurs in a clearly inconvenient venue before transfer is resolved. *In re Apple*, 52 F.4th at 1361 (quoting *In re EMC Corp.*, 501 F. App'x 973, 975–76 (Fed. Cir. 2013)). Thus, defendants must move to transfer promptly at the outset of a case, and district courts must rule on transfer motions promptly. *See In re Wyeth*, 406 F. App'x 475, 477 (Fed. Cir. 2010) (citation omitted); *In re Apple, Inc.*, 979 F.3d 1332, 1337–38 (Fed. Cir. 2020). The Federal Circuit has repeatedly reinforced the directive that "once a party files a transfer

motion, disposition of that motion should unquestionably take top priority." *In re Apple*, 979 F.3d at 1337; *see In re Horseshoe*, 337 F.3d at 433 ("[I]n our view disposition of that [transfer] motion should have taken a top priority in handling of this case by the . . . District Court."); *In re Apple*, 52 F.4th at 1363; *In re TracFone Wireless, Inc.*, 848 F. App'x 899, 900–01 (Fed. Cir. 2021); *In re SK hynix Inc.*, 835 F. App'x 600, 600–01 (Fed. Cir. 2021); *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1–2 (Fed. Cir. July 16, 2015).

With the *Markman* hearing, fact discovery, and final contentions fast-approaching, heeding the Federal Circuit's directive to prioritize resolution of pending transfer motions necessitates an order staying this case until Intel's transfer motion is resolved.

### B. A court's duty to afford transfer motions "top priority" applies equally to intra-district transfer motions.

The Federal and Fifth Circuits' directive to prioritize transfer motions applies equally to motions seeking *inter*-district transfer and those seeking *intra*-district transfer. Section 1404(a) does not distinguish between inter-district and intra-district transfer; rather, the statute's plain language places intra-district transfer and inter-district transfer on equal footing: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district *or division*." 28 U.S.C. § 1404(a) (emphasis added). Moreover, "[t]he § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

Intel acknowledges that this Court recently denied a motion to stay pending resolution of an intra-district transfer motion, concluding that trial courts enjoy greater discretion in deciding intra-district transfer motions than in deciding inter-district transfer motions. *SpaceTime3D, Inc. v. Apple Inc.*, No. 6:22-CV-00149-ADA, slip op. at 3–5 (W.D. Tex. Feb. 2, 2023), Dkt. 78,

*mandamus petition pending*, *In re Apple, Inc.*, No. 23-120 (Fed. Cir.).[1] But even if the case law establishes that "trial courts have even greater discretion in *granting* intra-district transfers than they do in the case of inter-district transfers," *True Chem. Sols., LLC v. Performance Chem. Co.*, No. 7-18-CV-00078-ADA, 2021 WL 860009, at *1 (W.D. Tex. Mar. 8, 2021) (emphasis added), nothing in the case law indicates that a trial court's discretion extends to affording lower priority to intra-district transfer motions than to inter-district transfer motions. If anything, the case law indicates just the opposite. *See In re True Chem. Sols., LLC*, 841 F. App'x 240, 241 (Fed. Cir. 2021) (citing *Radmax*, 720 F.3d at 289, for the observation that, "in the context of a § 1404(a) case, . . . the traditional deference given to plaintiff's choice of forum . . . is less for intra-district transfers" (internal quotation marks omitted)).

The circumstances in *SpaceTime3D v. Apple* are also distinguishable from the circumstances here. In *SpaceTime3D*, the transfer motion was not ready for resolution until the week before the originally-scheduled *Markman* hearing, and the Court was confronted with a motion to stay on the eve of that hearing, after it had already expended resources in issuing preliminary constructions and the parties had prepared for the hearing. *See SpaceTime3D*, slip op. at 1–2, 5. Here, by contrast, Intel's transfer motion was fully briefed over two months before the scheduled *Markman* hearing, and Intel is moving for a stay well in advance of the *Markman* hearing date. This case thus presents much more compelling circumstances for a stay so that the Court can ensure that the litigation proceeds in the more convenient forum and avoid unnecessary expenditures of resources—the very purpose of § 1404(a). Accordingly, the Court should stay this

---

[1] Intel understands that a mandamus proceeding is currently pending on this issue, and the outcome of that proceeding may impact the resolution of this Motion. *In re Apple, Inc.*, No. 23-120 (Fed. Cir.). Intel nonetheless files this Motion now to avoid any claim of undue delay and to allow this Motion to be fully briefed in advance of the scheduled *Markman* hearing on March 31, 2023.

case pending resolution of Intel's transfer motion, as it has previously done in other cases with pending intra-district transfer motions. *See, e.g.*, *Sonrai Memory Ltd. v. Oracle Corp.*, Case No. 6:21-CV-00116-ADA (W.D. Tex. Jan. 02, 2022) (docket order); *Sensor Elec. Tech., Inc. v. Lite-On Tech. Corp.*, Case No. 21-CV-00322-ADA (W.D. Tex. Aug. 25, 2022), Dkt. 65; *Nitek, Inc. v. Lite-On Tech. Corp.*, 21-CV-00794-ADA (W.D. Tex. Aug. 26, 2022), Dkt. 56.

### C. All relevant factors favor a stay.

Courts in this District consider three factors to determine whether a stay is warranted: (1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved if a stay is granted. *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018); *B & D Produce Sales, LLC v. Packman1, Inc.*, No. SA-16-CV-99-XR, 2016 WL 4435275, at *1 (W.D. Tex. Aug. 19, 2016). Here, all three factors favor a stay.

#### 1. A short stay will not prejudice Plaintiff.

A short stay will not prejudice Plaintiff. Plaintiff does not compete with Intel or "sell any product that practices the claimed invention," and Plaintiff is not seeking any injunctive relief in this case. *See In re Morgan Stanley*, 417 F. App'x 947, 950 (Fed. Cir. 2011); *see* Dkt. 1. Rather, the asserted '737 patent has expired, and Plaintiff seeks only monetary damages.

As to Plaintiff's claim for damages, a "mere delay in collecting . . . damages does not constitute undue prejudice." *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015); *see Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021) ("The weight of Plaintiff's interest in timely enforcement is diminished here where a stay would merely delay Plaintiff's potential monetary recovery."); *SanDisk Corp. v. Phison Elecs.*

*Corp.*, 538 F. Supp. 2d 1060, 1067 (W.D. Wis. 2008) ("Plaintiff's only real 'injury' is that it will have to wait for any money damages, which is always the case when a stay is imposed"). Even if Plaintiff could show that it will suffer some economic disadvantage from a stay, it has a simple remedy if ultimately successful on the merits in the form of pre-judgment interest. *See Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389 (Fed. Cir. 1983), *overruled on other grounds by In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007). Additionally, as a general matter, "delay in the vindication of patent rights . . . is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). And because Intel is not Plaintiff's competitor, Plaintiff cannot show that it is "in need of a quick resolution of this case because its position in the market is threatened." *See In re Morgan Stanley*, 417 F. App'x at 950. Because a stay will not impose any meaningful prejudice on Plaintiff, this factor strongly favors granting a stay.

### 2. Intel will suffer hardship absent a stay.

Absent a stay pending a ruling on transfer, this case will progress into substantial merits proceedings in a matter of weeks, which will impose significant hardship on Intel. As noted, the *Markman* hearing in this case is scheduled to occur on March 31, 2023, with fact discovery opening around the same time and the deadlines for final infringement and invalidity contentions following quickly thereafter. These "are not merely rote, ministerial tasks"; instead, "a *Markman* hearing and claim construction order are two of the most important and time-intensive substantive tasks a district court undertakes in a patent case." *In re Apple*, 979 F.3d at 1338. Moving forward now with such substantive merits activity will risk the very same "waste of time, energy, and money"

that § 1404(a) is intended to prevent, and the Federal Circuit has cautioned against. *In re Google*, 2015 WL 5294800, at *1; *accord In re EMC Corp.*, 501 F. App'x at 975–76.

Indeed, if this case is transferred to the Austin Division and there has been no stay, Intel will have been required to litigate in an inconvenient forum with no connection to the dispute, and will potentially be forced to duplicate efforts and incur unnecessary expense if, for example, the transferee court wishes to conduct its own claim construction hearing and analysis.[2] Such prejudice "cannot be put back in the bottle" and remedied after the fact. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (en banc); *accord In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 289 (5th Cir. 2015). This prejudice, however, can be minimized, if not completely prevented, by granting a short stay. Accordingly, this factor strongly favors a stay.

### 3.  *A stay will conserve judicial resources.*

Finally, a stay pending a decision on transfer will conserve judicial resources by minimizing the need for duplicative proceedings in both the transferor and transferee courts. *See In re Apple*, 52 F.4th at 1362–63. As detailed above, significant events in this case are quickly approaching, and the *Markman* hearing and opening of fact discovery are weeks away. As the Federal Circuit explained, "judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action

---

[2] To the extent that Intel's requested intra-district transfer here raises the possibility of the same judge presiding over the case, that should not factor into the Court's analysis. Such a possibility appears remote: the standing order in this District assigns "[f]ifty percent (50%) of the civil docket in the Austin Division" to each of the two active judges in the Austin Division. Amended Order Assigning the Business of the Court (W.D. Tex. Dec. 16, 2022), https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Amended-Order-Assigning-Business-of-the-Court-121622.pdf. In any event, section 1404(a) is venue-focused, not judge-focused, and the hardship of litigating substantive merits issues in a clearly more inconvenient forum is prejudice that "cannot be put back in the bottle." *Volkswagen*, 545 F.3d at 319.

should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts." *Id.* at 1363 (quoting *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970)). This final factor, therefore, also favors a stay.

## IV.     Conclusion

For the foregoing reasons, Intel respectfully requests that the Court stay this case entirely pending a decision on Intel's motion for intra-district transfer.

Dated: February 27, 2023

Respectfully submitted,

/s/ *Andrew T. Nguyen*
Kelly Ransom
Texas State Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Fax: (512) 495-6401
Email: kelly.ransom@kellyhart.com

Gregory P. Stone (*pro hac vice*)
Zachary M. Briers (*admitted to practice before the Western District of Texas*)
Heather E. Takahashi (*admitted to practice before the Western District of Texas*)
Vinny Y. Ling (*pro hac vice*)
Faye P. Teller (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

Andrew T. Nguyen (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
(415) 512-4000

J. Kain Day (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500 E
Washington, D.C. 20001
(202) 220-1100

***Attorneys for Defendant Intel Corporation***

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), counsel for Intel has conferred with counsel for Plaintiff in a good-faith effort to resolve the matter presented herein. Plaintiff opposes the relief sought. Accordingly, the motion is presented to the Court for resolution.

*/s/ Zachary M. Briers*
Zachary M. Briers

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on February 27, 2023.

*/s/ Andrew T. Nguyen*
Andrew T. Nguyen
